O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LOUIE CHRISTOPHER VASQUEZ,
Petitioner,
v.
WARDEN,
Respondent.

NO. EDCV 09-1415-JVS (MAN)

ORDER DISMISSING PETITION AS SECOND OR SUCCESSIVE

On July 28, 2009, Petitioner, a state prisoner, filed a habeas petition, pursuant to 28 U.S.C. § 2254, in this Court ("Petition"). The Petition is the second Section 2254 habeas petition Petitioner has filed in this Court stemming from his 2000 conviction and sentence.

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

## BACKGROUND

On December 27, 2007, Petitioner filed a habeas petition in this Court in Case No. EDCV 07-1682-JVS (MAN) (the "First Action"). The First Action petition challenged Petitioner's 2000 California conviction and sentence sustained in San Bernardino Superior Court Case No. FVA012340.[1] On April 23, 2009, the First Action was dismissed with prejudice as untimely. On June 25, 2009, Petitioner filed a notice of appeal. Thus, Petitioner's appeal of the Judgment dismissing the First Action is pending.

The instant Petition also stems from Petitioner's 2000 conviction and sentence in San Bernardino Superior Court Case No. FVA012340. Through a single claim, Petitioner again challenges the effectiveness of the assistance he received from his trial counsel. (Petition at 5.)

## DISCUSSION

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss claim presented in second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions discussed *infra*, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). In

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its records and files in Petitioner's previous action.

those instances when the filing of a second or successive habeas petition is permissible, state habeas petitioners seeking relief in this District Court must first obtain authorization from the United States Court of Appeals for the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of a second or successive [petition] only if it presents a claim not previously raised that satisfies one of the grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

Here, the First Action sought Section 2254 relief based on the same state court conviction and sentence challenged in this action, and the case was dismissed with prejudice as untimely. As the untimeliness of the First Action petition was "not a curable technical or procedural deficiency," the First Action "counts" for purposes of Section 2244(b). Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003)(when prior petition was dismissed on the ground that it was untimely, this was a defect that could not be corrected, and the petitioner's subsequently-filed habeas petition was subject to Section 2244(b)'s limitations on second or successive petitions, including the requirement that petitioner obtain permission from the circuit court before filing it in the district court); *see also* Murray v. Greiner, 394 F.3d 78, 79 (2d Cir. 2005)(holding that, when a Section 2254 habeas petition is dismissed as untimely under Section 2244(d)(1), all future Section 2254 challenges to the same conviction are subject to the Section 2244(b) limitations); Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003)(finding that: "the dismissal of a [28 U.S.C.] § 2255 petition as untimely under AEDPA presents a 'permanent and incurable' bar to federal review of the

merits of the claim. The bar is permanent because, unlike cases where a habeas or § 2255 petition is dismissed without prejudice for failure to exhaust or as premature, a time-bar cannot be corrected. Accordingly, we hold that a habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes."); Reyes v. Vaughn, 276 F. Supp. 1027, 1029-30 (C.D. Cal. 2003)(the dismissal of a petition with prejudice as untimely constitutes an "'on the merits'" resolution for purposes of applying the second or successive provisions of Section 2244(b)). The present Petition, thus, is second or successive within the meaning of Section 2244(b).

The record shows that Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive habeas petition in this or any other federal district court, as required by Section 2244(b)(3).[2] Permission to file a second or successive petition may be granted only if Petitioner makes a *prima facie* showing that: (1) the claim relies on a new, and previously unavailable, rule of constitutional law, which the Supreme Court has ordered be made retroactive to collateral proceedings; or (2) the factual predicate of the claim could not have been discovered earlier through the exercise of due diligence, and the facts alleged, if proven, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error claimed, no reasonable fact-finder would have found Petitioner guilty. *See* 28 U.S.C. § 2244(b)(2)(A)(B) and (3)(C). Based

---

[2] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the Ninth Circuit's docket records available electronically through the PACER system, which show that Petitioner has not filed any Section 2244(b)(3) application.

on the Court's preliminary review, it appears that neither of these two predicates can be met with respect to the claim alleged in the instant Petition, given that the factual predicates of the claim were or should have been known to Petitioner since the time of his conviction in 2000, and the claim does not rely on any new rule of constitutional law.[3] In any event, to pursue a second Section 2254 habeas action in this Court based on his present claim, Petitioner must first persuade the Ninth Circuit that the standard to permit the filing of his second or successive petition has been met.

Accordingly, as Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive petition, the instant Petition must be dismissed, because this Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider merits of a second or successive petition absent prior authorization from the circuit court). Petitioner is cautioned that he may not file any successive habeas petition in this Court unless he first obtains permission from the Ninth Circuit.

Because the Petition is second or successive, its dismissal is required. Accordingly, IT IS ORDERED that Judgment be entered dismissing this action without prejudice.

---

[3] The Court notes further that the instant Petition, like the First Action petition, appears to be substantially untimely under 28 U.S.C. § 2244(d)(1).

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: July 30, 2009.

JAMES V. SELNA
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

/s/
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE